ANDREW VAN ORNUM (Bar No. 214040)
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
333 Bush Street, Suite 1500
San Francisco, CA 94104
Telephone: 415-623-7000
Facsimile: 415-623-7001
Emails: avanornu@wthf.com

Attorneys for Plaintiff
ALLEGHENY CASUALTY COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| ALLEGHENY CASUALTY COMPANY, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEGG, INC., a California corporation; ROBERT LEGG, an individual; SHEILA LEGG, an individual, LEONARD D'ORAZIO, an individual and trustee of The D'Orazio Family Trust, CHRISTINE D'ORAZIO, an individual and trustee of The D'Orazio Family Trust, and THE D'ORAZIO FAMILY TRUST dated October 14, 2008,<br><br>Defendants. | Case No. 3:13-cv-00697-JSW<br><br>[PROPOSED] RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT<br><br>Dept.: Ctrm. A, 15th Fl.<br>Judge: Hon. Jeffrey S. White |

The Court considers the ex parte application for right to attach order and order for issuance of writ of attachment by plaintiff Allegheny Casualty Company ("Allegheny") on property of defendants Legg, Inc., Robert Legg, Sheila Legg, Leonard D'Orazio, Christine D'Orazio, and The D'Orazio Family Trust and its trustees, Leonard D'Orazio and Christine D'Orazio, (collectively, "Defendants").

///

## FINDINGS ON APPLICATION FOR ATTACHMENT

Having considered the papers, and any argument as the Court deems necessary, the Court hereby finds as follows:

1. Legg, Inc. is a corporation, The D'Orazio Family Trust is a trust, Robert Legg, Sheila Legg, Leonard D'Orazio, Christine D'Orazio are natural persons, and Leonard D'Orazio, Christine D'Orazio are also sued in their capacity as trustee of the The D'Orazio Family Trust.

2. Attachment is sought to secure recovery on a claim upon which attachment may issue pursuant to California Code of Civil Procedure section 483.010.

3. Attachment is sought for no purpose other than the recovery on a claim upon which the attachment is based.

4. The amount to be secured by the attachment is greater than zero.

5. Allegheny seeks attachment totaling $2,190,560, which is comprised of

   a. $1,825,467 in anticipated losses from more than 30 claims on Allegheny's bonds. The anticipated losses are net of any contract balances and are limited to the penal sums of bonds (e.g., the Kern County Project bond).

   b. $365,093 in loss adjustment expense for responding to and defending against claims, and attorneys' fees for prosecuting this action, as provided in the GIA in favor of Allegheny.

6. Allegheny established the probable validity of all the claims on which the writ of attachment would issue.

7. Great and irreparable injury to Allegheny will result if this order is not issued, based on danger that the property sought to be attached will be concealed or made unavailable to levy by other than concealment or substantial impairment in value.

## ORDER

Based on the above findings, the Court hereby orders:

1. Allegheny has a right to attach property of Defendants in the amount of $2,190,560.

2. Allegheny filed an undertaking titled Attachment Bond on or about March 8, 2013, in the amount of $10,000. That undertaking by its terms provided that it was for attachment and any order of this Court. Upon issuance of this Order, the Attachment Bond shall secure the attachment as ordered by the Court.

3. The Clerk shall issue a writ of attachment in the amount of $2,190,560 for the property of Defendants subject to attachment under California Code of Civil Procedure section 487.010, described as follows:

I. **Legg, Inc.**

a. All of Legg, Inc.'s corporate property, which is subject to attachment pursuant to subdivision (a) of Code of Civil Procedure section 487.010.

b. All of Legg, Inc.'s corporate property in the hands of its officers, Robert Legg or Leonard D'Orazio.

II. **The D'Orazio Family Trust**

a. All of The D'Orazio Family Trust's property, which is subject to attachment pursuant to subdivision (a) of Code of Civil Procedure section 487.010.

b. All of The D'Orazio Family Trust's property in the hands of its trustees, Leonard D'Orazio and Christine D'Orazio.

III. **Robert Legg and Christine Legg**

a. Any and all interests held in accounts receivable, chattel paper, and general intangibles arising out of conduct of a trade, business, or profession, except any such claim with a principal balance of less than one hundred fifty dollars ($150.00).

b. Any and all interests held in any money judgment or settlement proceeds otherwise payable to Defendant in any pending court case, arbitration, mediation, hearing, administrative proceeding, or other proceeding.

c. Any and all interests held in equipment.

d. Any and all interests held in farm products

e. Any and all interests held in inventory.

f. Any and all interests held in money on the premises where a trade, business

- 3 -

or profession is conducted by the defendant and, except for the first one thousand dollars ($1,000), money located elsewhere than on such premises and deposit accounts.

  g. Any and all interests held by the defendant in community property that would be subject to enforcement of judgment in this lawsuit.

  h. Any and all interests in real property, except leasehold estates with unexpired terms of less than one year, including, but not limited to:

- APN 97-130-2-3: 2551 2nd St., Livermore, CA 94550, County of Alameda, California
- APN 99-1374-25: 4361 Technology Dr., Unit D, Livermore, CA 94551, County of Alameda, California
- APN 99-1362-30: 2927 Danielle Lane, Livermore, CA, County of Alameda, California

  i. Negotiable documents of title, instruments, securities.

  j. Any and all right, title and interest in any monies due or to become due under any policy of insurance, including, but not limited to, claims under any policy of insurance, including builder's risk, fire, employee dishonesty or workers' compensation insurance policies, and any premium refunds related thereto.

  k. Any and all other assets not subject to California exemptions within Defendant's possession, custody, or control.

  l. All partnership interest together with all now existing or hereafter arising rights of Defendant to receive distributions of payment from such partnership(s), whether in cash or in kind, and whether such distributions or payment are on account of an interest as a partner, creditor, or otherwise.

### IV. Leonard D'Orazio and Christine D'Orazio

  a. Any and all interests held in accounts receivable, chattel paper, and general intangibles arising out of conduct of a trade, business, or profession, except any such claim with a principal balance of less than one hundred fifty dollars ($150.00).

  b. Any and all interests held in any money judgment or settlement proceeds

otherwise payable to Defendant in any pending court case, arbitration, mediation, hearing, administrative proceeding, or other proceeding.

   c. Any and all interests held in equipment.

   d. Any and all interests held in farm products

   e. Any and all interests held in inventory.

   f. Any and all interests held in money on the premises where a trade, business or profession is conducted by the defendant and, except for the first one thousand dollars ($1,000), money located elsewhere than on such premises and deposit accounts.

   g. Any and all interests held by the defendant in community property that would be subject to enforcement of judgment in this lawsuit.

   h. Any and all interests in real property, except leasehold estates with unexpired terms of less than one year, including, but not limited to:

- APN 97-130-2-3: 2551 2nd St., Livermore, CA 94550, County of Alameda, California
- APN 99-1374-25: 4361 Technology Dr., Unit D, Livermore, CA 94551, County of Alameda, California
- APN 201141016: 308 Rutherford Drive, Danville, CA, County of Contra Costa, California

   i. Negotiable documents of title, instruments, securities.

   j. Any and all right, title and interest in any monies due or to become due under any policy of insurance, including, but not limited to, claims under any policy of insurance, including builder's risk, fire, employee dishonesty or workers' compensation insurance policies, and any premium refunds related thereto.

   k. Any and all other assets not subject to California exemptions within Defendant's possession, custody, or control.

   l. All partnership interest together with all now existing or hereafter arising rights of Defendant to receive distributions of payment from such partnership(s), whether in cash or in kind, and whether such distributions or payment are on account of an interest as a partner,

creditor, or otherwise.

**IT IS SO ORDERED.**

Dated: 03/26, 2013



Judge Jeffrey S. White

- 6 -

[PROPOSED] RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW